

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-18-00076-CV**

**THE CITY OF BRYAN, TEXAS AND**
**BRYAN TEXAS UTILITIES,**

**Appellants**

 **v.**

**VICKI RENEE RIOLA,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 16-002133-CV-361**

**ABATEMENT ORDER**

Appellants were sued in connection with injuries received by appellee at Lake

Bryan. Appellants' plea to the jurisdiction asserting governmental immunity was heard

by the trial court in December of 2017. At the conclusion of the hearing, the trial court

stated, "Based on everything I've heard[,] I'm going to deny the plea to the jurisdiction."

The form order prepared by appellee gave the trial court two options to rule on the plea

to the jurisdiction: the first being to decline to rule on the plea and the second being to deny the plea. The trial court signed the form order a month and a half after the hearing, and instead of checking the second option denying the plea as the trial court had stated on the record, the trial court checked the first option, declining to rule.

Appellants filed a notice of appeal, and appellee filed a motion to dismiss the appeal asserting that because the trial court had not denied the plea to the jurisdiction, appellants had no right to appeal. This Court requested a response from appellants which was received on March 27, 2018. Appellee filed a reply to the response on March 28, 2018.

After reviewing the motion, appellants' response, appellee's reply to the response, and the record of the hearing, we will abate the appeal for clarification of the trial court's ruling.

Due to the inconsistency between the trial court's oral rendition and the trial court's signed order, this appeal is ABATED to the trial court so that the trial court may, within 21 days from the date of this order, sign an order consistent with its oral ruling or confirm its intent to change its ruling from that announced at the hearing. The failure to sign a new order within 21 days from the date of this order will be deemed by this Court as a determination that the existing signed order is the trial court's current ruling on appellants' plea to the jurisdiction. A supplemental clerk's record containing the trial

court's new order or confirmation, if any, is due 28 days from the date of this order. This

appeal will be automatically reinstated 35 days from the date of this order.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal Abated
Order issued and filed April 4, 2018

